## Silfies v. Silfies

*Kline, Jordan & Backenstoe*, for plaintiffs.

*Wardell F. Steigerwalt*, guardian ad litem.

HENNINGER, P. J., April 14, 1959.—This is a proceeding to quiet title to set aside a conveyance made by plaintiffs to their minor son, Charles E. Silfies, Jr.,

on August 30, 1947, and the conveyance by Charles E. Silfies, Jr., while still a minor, on September 3, 1949, to his then eight-year-old sister, Gloria Jean Silfies, defendant in these proceedings.

The whole transaction was an abortive attempt to avoid what was a mistaken opinion engendered by bad lay advice as to the effect of a tenancy by entireties and of the laws of inheritance, namely, the fear that the property, accumulated through the joint efforts of plaintiffs, would devolve to the children of Charles E. Silfies by a former marriage. The simple device of a will by Charles E. Silfies, Sr., in favor of the children of the second marriage in case of the prior decease of his wife, seems not to have occurred to the untrained adviser.

The daughter and titleholder, now mature but still a minor, disclaimed any title or ownership to the property and wants it returned to her parents.

The case is complicated by the fact that Charles E. Silfies, Jr., died a minor while in military service and after marriage but childless. Plaintiffs have, however, come to terms with the widow, since remarried, who is willing to execute a quit claim deed to plaintiff to forestall any claim that the former husband may have died seized of the property because the deed to the sister was executed by a minor who never had the opportunity to ratify the transaction.

As has been pointed out by the guardian ad litem, the law is poor indeed if our hands are so tied that when the parties are all agreed that a dreadful mistake has been made, we have no means of correcting the error and restoring the parties to their original position.

It must be emphasized that neither conveyance was intended to confer a gift upon the grantee. The parents intended to retain their full enjoyment of the property

and only in a confused sort of way to protect it from what they considered an undesirable possible ultimate inheritance. The son did not intend the property to belong to his sister; he simply wanted to protect it from martial and marital exigencies.

We are dealing then not with substantive rights, but with muniments of title. Since the parents have continued in possession of the property, neither the statute of limitations nor the statute of frauds stands in the way of their asserting their rights.

We believe we need not go beyond the Restatement on Restitution to determine the rights of the parties. Section 39 of the A. L. I. Restatement of the Law of Restitution reads as follows:

"Except as stated in §§41 and 42, a person is entitled to restitution from another because of mistake of fact if he has transferred to the other land, chattels, negotiable instruments or choses in action under such circumstances that, had he paid money to the other, he would have been entitled to restitution."

It is to be noted that nothing in sections 41 and 42 would operate to deprive plaintiffs of the benefits of section 39.

It is difficult to find a statement for the restitution of money which is on all fours with the situation here present.

Perhaps the nearest is section 51 of A. L. I. Restatement of the Law of Restitution, which reads as follows:

"A person who, because of a mistake of law as to the effect of words used in a conveyance, has transferred to another more than he intended and more than the parties had mutually agreed he should do, is entitled to restitution of the excess; if he has transferred something different from that upon which the parties had agreed, he is entitled to restitution of the whole upon conveyance of that agreed upon."

Clearly plaintiffs conveyed to Charles E. Silfies, Jr., and he to defendant, something altogether different from what was intended and it was surely done under a mistake of law, defined in section 7 as a ". . . mistake as to the legal consequences of an assumed state of facts."

There is the same lack of clarity in the remedy, probably because the law of restitution excepting as provided in section 39 above quoted, is more concerned with personalty than with realty and with parties who are sui juris and subject to the orders of the court. Subparagraph (c) of section 4 can be extended to include cancellation or avoidance of a deed whereas in this case, one of the holders of the property to be restored is dead and the other is a minor.

We cannot overemphasize the fact that this is an extreme case and that the remedy is an extraordinary one not to be lightly invoked or readily granted.

Now, April 14, 1959, the court finds that: (1) The deed of Charles E. Silfies and Hilda M. Silfies to Charles E. Silfies, dated August 30, 1947, and recorded in Lehigh County in Deed Book, vol. 707, p. 157, for premises 738 Allen Street in the City of Allentown, and, (2) the deed of Charles E. Silfies, Jr., to Gloria Jean Silfies for the same premises, dated September 3, 1949, and recorded in Deed Book, vol. 734, p. 61, were executed and delivered by reason of a mistake in law and it is ordered, adjudged and decreed that said deeds are null, void and of no effect and that they be avoided and cancelled with the same effect as to the full and entire ownership of said premises by Charles E. Silfies and Hilda M. Silfies as if said deeds had never been executed and delivered and it is ordered that this decree be entered of record in the Recorder's Office of Lehigh County and that a notation of the place of recording of said decree be entered upon the margin

of the records of said deeds as notice of their annulment and avoidance. Costs to be paid by plaintiffs including a reasonable allowance to defendant's guardian ad litem.